B1 (Official Form 1)(04/13)

| United States Bankruptcy Court<br>**Northern District of Illinois** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Madia, Terry L.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**xxx-xx-5796** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**238 Gazebo Lane**<br>**Lombard, IL**<br><div align="right">ZIP Code<br>**60148**</div> | Street Address of Joint Debtor (No. and Street, City, and State):<br><div align="right">ZIP Code</div> |
| County of Residence or of the Principal Place of Business:<br>**DuPage** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><div align="right">ZIP Code</div> | Mailing Address of Joint Debtor (if different from street address):<br><div align="right">ZIP Code</div> |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| Type of Debtor<br>(Form of Organization) (Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined<br>in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ■ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13<br>☐ Chapter 15 Petition for Recognition<br>of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition<br>of a Foreign Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity | Nature of Debts<br>(Check one box) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding<br>by, regarding, or against debtor is pending: | (Check box, if applicable)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | ■ Debts are primarily consumer debts,  ☐ Debts are primarily<br>defined in 11 U.S.C. § 101(8) as     business debts.<br>"incurred by an individual primarily for<br>a personal, family, or household purpose." |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the<br>debtor is unable to pay fee except in installments. Rule 1006(b). See Official<br>Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates)<br>are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors,<br>in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,<br>there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B1 (Official Form 1)(04/13)                                                                                     Page 2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Madia, Terry L.** |

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location Where Filed:  **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: **- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X  /s/ Thomas F. Fezzey                         May 21, 2015** <br> Signature of Attorney for Debtor(s)                    (Date) <br> **Thomas F. Fezzey 6229235** |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

■  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(04/13)

Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Madia, Terry L.** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Terry L. Madia**

Signature of Debtor **Terry L. Madia**

X _____

Signature of Joint Debtor

Telephone Number (If not represented by attorney)

**May 21, 2015**

Date

### Signature of Attorney*

X **/s/ Thomas F. Fezzey**

Signature of Attorney for Debtor(s)

**Thomas F. Fezzey 6229235**

Printed Name of Attorney for Debtor(s)

**Thomas F. Fezzey, Attorney at Law**

Firm Name

**600 West Roosevelt Road**
**Suite B-1**
**Wheaton, IL 60187**

Address

**Email: fezzey@gmail.com**
**630 909 0909  Fax: 815 550 8731**

Telephone Number

**May 21, 2015**

Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____

Signature of Authorized Individual

_____

Printed Name of Authorized Individual

_____

Title of Authorized Individual

_____

Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____

Signature of Foreign Representative

_____

Printed Name of Foreign Representative

_____

Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____

Printed Name and title, if any, of Bankruptcy Petition Preparer

_____

Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____

Address

X _____

_____

Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

5/20/15  3:47PM

B1 (Official Form 1)(04/13)

Page 3

| **Voluntary Petition** | **Name of Debtor(s):** |
|---|---|
| *(This page must be completed and filed in every case)* | **Madia, Terry L.** |

<div align="center">

**Signatures**

</div>

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b)

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition

X  /s/ Terry L. Madia   *Terry L. Madia*
Signature of Debtor  **Terry L. Madia**

X _____
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

**May 20, 2015**
Date

**Signature of Attorney***

X  /s/ Thomas F. Fezzey
Signature of Attorney for Debtor(s)

**Thomas F. Fezzey 6229235**
Printed Name of Attorney for Debtor(s)

**Thomas F. Fezzey, Attorney at Law**
Firm Name

**600 West Roosevelt Road
Suite B-1
Wheaton, IL 60187**

Address

**Email: fezzey@gmail.com**
**630 909 0909  Fax: 815 550 8731**
Telephone Number

**May 20, 2015**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code Certified copies of the documents required by 11 U.S.C. §1515 are attached

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section Official Form 19 is attached

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____

Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110, 18 U.S.C. §156*

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Terry L. Madia**                                      Case No. _____

                                                    Debtor(s)      Chapter      **7**    _____

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    **/s/ Terry L. Madia**
                        **Terry L. Madia**

Date:    **May 21, 2015**

B 1D (Official Form 1, Exhibit D) (12/09) - Cont

Page 2

   ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

   ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

   ☐ Active military duty in a military combat zone.

   ☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   /s/ Terry L. Madia
                           Terry L. Madia

Date:   **May 20, 2015**

B6 Summary (Official Form 6 - Summary) (12/14)

.

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Terry L. Madia**                                                    ,    Case No. _____

                                                                 Debtor    Chapter_____**7**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A,
B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.
Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must
also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 19 | 467,706.00 | | |
| B - Personal Property | Yes | 3 | 63,515.35 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 323,477.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 2 | | 4,908.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 9 | | 49,987.53 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 2 | | | 4,148.09 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 4,494.10 |
| Total Number of Sheets of ALL Schedules | | 41 | | | |
| Total Assets | | | 531,221.35 | | |
| Total Liabilities | | | | 378,372.53 | |

B 6 Summary (Official Form 6 - Summary) (12/14)

.

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Terry L. Madia**                                             ,          Case No. _____

                                             Debtor

                                                      Chapter _____**7**_____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐  Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 4,908.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 23,120.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 28,028.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 12) | 4,148.09 |
| Average Expenses (from Schedule J, Line 22) | 4,494.10 |
| Current Monthly Income (from Form 22A-1 Line 11; OR, Form 22B Line 14; OR, Form 22C-1 Line 14 ) | 6,178.14 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 3,544.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 4,908.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 49,987.53 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 53,531.53 |

B6A (Official Form 6A) (12/07)

In re   **Terry L. Madia**                                                                              ,        Case No. _____

                                                    Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **238 Gazebo Lane, Lombard, IL  60148.  Value as per Comparative Market Analysis and Zillow.com.** | **Tenant in Common** | **J** | **197,667.00** | **123,067.00** |
| **2532 Kelly Drive, Woodridge, IL  60517.  Debtor remains in title as Joint Tenant though property was awarded to former spouse as per divorce judgment.  Former spouse has not yet refinanced. Value as per Zillow.**<br>**Judgment of Dissolution is attached.** | **Joint tenant** | **J** | **270,039.00** | **194,866.00** |

|  |  |  |
|---|---|---|
| Sub-Total > | 467,706.00 | (Total of this page) |
| Total > | 467,706.00 | |

  **0**   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

3004

(3)

CERTIFICATION
I, Chris Kachiroubas, Clerk of the 18th Judicial Circuit Court DuPage County, Illinois, do hereby certify the above correct copy as it appears from the records and files in my office. IN WITNESS WHEREOF, I have hereunto set my hand and caused to be affixed the Seal of the said Court.
DATE 10/03/2014
CHRIS KACHIROUBAS, Clerk
By JAMES KUFER
Deputy Clerk
3628857

1005
1990

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
DuPAGE COUNTY, ILLINOIS

IN RE: THE MARRIAGE OF )
TERRY L. MADIA, )
Petitioner, )
and ) No. 2014 D 1268
)
JOSEPH R. MADIA, )
Respondent. )

## JUDGMENT FOR DISSOLUTION OF MARRIAGE

FILED
14 SEP 4 PM 3:3
CLERK OF THE 18TH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS

On **September 4, 2014**, this cause came onto be heard for hearing upon Petitioner, TERRY L. MADIA's ("TERRY") Petition For Dissolution of Marriage and, upon the stipulation of the parties that this matter be heard as an uncontested matter, TERRY appearing in open Court and by MARGARET M. O'CONNELL of A. TRAUB & ASSOCIATES, LTD., and Respondent, JOSEPH R. MADIA ("JOSEPH"), appearing in open Court *pro se*, and the Court having heard TERRY's testimony and evidence in support of her Petition for Dissolution of Marriage, and the Court being fully advised in the premises, **FINDS:**

1. The Court has jurisdiction of the parties and the subject matter.

2. At the time of filing of her Petition, TERRY resided in the State of Illinois, and said residence has been maintained for ninety (90) days prior to the findings herein.

3. The parties were lawfully married on June 25, 1982, in Chicago, Cook County, Illinois.

CASE CLOSED
JUDGE'S INIT.

Request received on 2014-10-03-12.13.08.0 Document supplied on 10/03/2014 12:20:21 # 3628857
Click here or Visit http://www.i2file.net/dv to validate this document. Validation ID:: IF10032014-1218-35748

4.      Four (4) children were born to the parties, namely:  J.S.M., born October 9, 1985, emancipated; N.F.M., born July 14, 1987, emancipated; and, A.G.M., born March 29, 1991, emancipated; and, G.A.M., born September 28, 1993, emancipated.   No children were adopted by the parties and TERRY is not now pregnant.

5.      TERRY is 52 years of age, is employed at Ace Hardware and resides at 238 Gazebo Lane, Lombard, Illinois.

6.      JOSEPH is 60 years of age, is employed at Inland Bank and resides at 2532 Kelly Drive, Woodridge, Illinois.

7.      TERRY has established by competent evidence that irreconcilable differences have arisen between the parties that have caused the irretrievable breakdown of the marriage; that all attempts to reconcile have been and will be unsuccessful; and that the parties have lived separate and apart for a period of time in excess of two (2) years as provided by the Illinois Marriage and Dissolution of Marriage Act.

8.      TERRY is granted leave to resume her maiden name of Spreadbury.

9.      The parties have entered into a certain written Marital Settlement Agreement, dated August 26, 2014, fully settling and disposing of the issues of the property which was acquired by the parties, both marital and non-marital, maintenance, and other related issues, of which the Court has been apprised and which the Court

2

finds has been entered into voluntarily, and is fair and equitable in its terms and provisions and is in words as follows:

And the Court has considered said Marital Settlement Agreement and the various provisions dealing with the distribution of marital property, maintenance, and other related issues, and finds that the said Marital Settlement Agreement is fair and reasonable and is not unconscionable and is binding upon the parties.

*WHEREFORE*, by virtue of the Statue of the State of Illinois, and on Motion of said attorney for Petitioner, it is the Judgment of this Court and *IT IS HEREBY ORDERED:*

A.      The bonds of matrimony heretofore existing between the Petitioner, TERRY L. MADIA, and the Respondent, JOSEPH MADIA, be dissolved as to both parties;

B.      The written Marital Settlement Agreement dated August 26, 2014, which is attached hereto as **EXHIBIT "A"**, is set forth in full and incorporated into and made a part of this Judgment for Dissolution of Marriage, and said Agreement is hereby ratified, confirmed, approved and adopted as the orders of this Court to the same extent and with same force and effect as if said provisions were in this paragraph set forth verbatim as the Judgment of this Court;

3

Request received on 2014-10-03-12.13.08.0  Document supplied on 10/03/2014 12:20:21 # 3628857/17043313683
Click here or Visit http://www.i2file.net/dv to validate this document. Validation ID:: IF10032014-1218-35748

C.     The parties are ordered and directed to execute, carry out and perform all the terms, provisions and conditions of this Judgment for Dissolution of Marriage.

D.     The Court retains jurisdiction for the purpose of enforcing each and all of the terms and provisions of this Judgment for Dissolution of Marriage, including all the terms of the Marital Settlement Agreement made in writing between the parties hereto as herein above set forth; and

E.     TERRY reserves the right to resume her maiden name of Spreadbury.

ENTER: _____
                        J U D G E

DATE: _9/4/14_____

Margaret M. O'Connell
A. TRAUB & ASSOCIATES, LTD. (29322)
Attorneys for Petitioner
100 W. 22nd St., Suite 150
Lombard, IL  60148
Phone:  630.426.0196
FAX:    630.426.0198

4

Request received on 2014-10-03-12.13.08.0  Document supplied on 10/03/2014 12:20:21 # 3628857/17043313683
Click here or Visit http://www.i2file.net/dv to validate this document. Validation ID:: IF10032014-1218-35748

## MARITAL SETTLEMENT AGREEMENT

*This Agreement*, made this 26th day of August, 2014, by and

between Petitioner, TERRY L. MADIA ("Terry"), and Respondent, JOSEPH R. MADIA

("Joseph").

### *WITNESSETH:*

A.      Terry and Joseph were married on June 25, 1982 in Chicago, Illinois, and

their marriage was registered in Cook County.

B.      Irreconcilable differences have caused an irretrievable breakdown of the

marriage.  Future attempts at reconciliation would be impracticable and not in the parties'

best interests.

C.      Four (4) children were born to the parties, namely:  J.S.M., born October 9,

1985, emancipated; N.F.M., born July 14, 1987, emancipated; and, A.G.M., born March 29,

1991, emancipated; and, G.A.M., born September 28, 1993, emancipated.  No children

were adopted by the parties and TERRY is not now pregnant.

D.      Terry filed a Petition for Dissolution of Marriage against Joseph in the

Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois, known as Case

No. 2014 D 1268, entitled *In re: the Marriage of TERRY L. MADIA, Petitioner, and JOSEPH R.*

*MADIA, Respondent;* said cause remains pending and undetermined.

E.      Without any collusion as to the pending cause or as to any other dissolution

of marriage proceedings which either party might later bring, but without prejudice to

**EXHIBIT "A"**

Request received on 2014-10-03-12.13.08.0  Document supplied on 10/03/2014 12:20:21 # 3628857/17043313683
Click here or Visit http://www.i2file.net/dv to validate this document. Validation ID:: 1F10032014-1218-35748

any right of action for dissolution of marriage which either of them may have, Terry and Joseph consider it to be in their respective best interests to settle by and between themselves the issues of the respective rights of property growing out of the marital relationship or any other relationship between them, all rights of every kind, nature and description, whether marital, non-marital, real, personal or mixed, which either of them now has or may later claim to have against the other, whether now or later owned or possessed by either of them; the right of them to receive maintenance from the other; and the payment of attorney's fees and court costs.

F.     Terry is represented by Margaret M. O'Connell of A. Traub & Associates, Ltd. as her attorney, and Joseph has chosen to represent his own interest in this matter, and they accordingly have had the benefit of the advice of their respective counsel or the ability to retain independent counsel.

G.     Terry and Joseph acknowledge that they are fully informed of their respective rights and obligations under Illinois Law and pursuant to the terms and provisions of this Agreement. Accordingly, Terry and Joseph represent and warrant:

(i)     That they have made a full and complete disclosure of their financial condition, and that they are fully informed of the wealth, property, estate, and income of the other;

(ii)     That they have carefully reviewed the terms and provisions of this Agreement and have a full and complete understanding of the legal consequences thereof;

2

Request received on 2014-10-03-12.13.08.0  Document supplied on 10/03/2014 12:20:21 # 3628857/17043313683
Click here or Visit http://www.i2file.net/dv to validate this document. Validation ID:: IF10032014-1218-35748

(iii)   That they have entered into this Agreement freely and voluntarily, without imposition of force, duress, coercion, or undue influence from any source;

(iv)   That they have made no representations or warranties to each other as an inducement to enter into this Agreement, other than as set forth in writing within the terms and provisions of this Agreement;

(v)   That the terms and provisions of this Agreement are fair and equitable to them in light of their respective and collective circumstances.

*NOW, THEREFORE,* in consideration of the mutual and several promises and undertakings contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, Terry and Joseph freely and voluntarily agree to each and every term and provision herein set forth in this Marital Settlement Agreement.

<h2 style="text-align:center">ARTICLE I</h2>

<h3 style="text-align:center">STATEMENT OF INTENTION</h3>

1.1   <u>Integrity of Marriage</u>.  This Agreement is not intended to undermine the integrity of the marriage or the family relationship.

1.2   <u>Amicable Settlement of Disputes</u>.  By this Agreement, Terry and Joseph intend to effect an amicable resolution of their disputes, to mitigate the potential harm to the spouses caused by dissolution of marriage, and to make reasonable provisions for each other after dissolution of marriage.

3

Request received on 2014-10-03-12.13.08.0  Document supplied on 10/03/2014 12:20:21 # 3628857/17043313683
Click here or Visit http://www.i2file.net/dv to validate this document. Validation ID:: IF10032014-1218-35748

1.3     Reservation of Rights.    Should the Court find this Agreement to be

unconscionable, Terry and Joseph reserve the right to prosecute or defend any action now

pending or which may hereafter be brought for relief under the Illinois Marriage and

Dissolution of Marriage Act as amended.

## ARTICLE II

## CHILD SUPPORT

2.1     The parties' children are emancipated and, therefore, no provision for child

support is made herein.

## ARTICLE III

## MAINTENANCE

3.1     Joseph covenants and agrees to and hereby does waive and release any and

all rights he may have in and to maintenance and support from Terry, whether past,

present or future.

3.2     Terry covenants and agrees to and hereby does waive and release any and

all rights she may have in and to maintenance and support from Joseph, whether past,

present or future.

## ARTICLE IV

## SPOUSAL MEDICAL COVERAGE

4.1     Terry shall maintain her current policy of health insurance or, in the event

she does not currently have health insurance, upon securing either group or individual

4

coverage, shall be solely responsible for the payment of the premiums thereon and shall indemnify and hold harmless Joseph therefrom.

4.2     Joseph shall maintain his current policy of health insurance or, in the event he does not currently have health insurance, upon securing either group or individual coverage, shall be solely responsible for the payment of the premiums thereon and shall indemnify and hold harmless Terry therefrom.

## ARTICLE V

## REAL ESTATE

5.1     Terry and Joseph are currently the joint owners in the property commonly known as 2532 Kelly Drive, Woodridge, Illinois ("marital residence").

5.2     The parties agree that said marital residence shall be the exclusive possession of Joseph.  Terry's liability thereto shall be released.  While the parties agree that both of their names shall remain on the mortgage, Joseph shall be solely responsible for any claims or expenses that may currently exist associated with the property or that may arise in the future including but not limited to, deficiencies, utility bills, repair bills, litigation, mortgage payments, taxes, insurance premiums, etc.  In the event Joseph defaults on the mortgage or in the event of his untimely death, Terry shall be responsible for all costs associated with the marital residence.

5.3     Terry and Joseph are currently the partial owners of the property commonly known as 238 Gazebo, Lombard, Illinois ("Lombard residence").

Request received on 2014-10-03-12.13.08.0  Document supplied on 10/03/2014 12:20:21 # 3628857/17043313683
Click here or Visit http://www.i2file.net/dv to validate this document. Validation ID:: 1F10032014-1218-35748

5.4     The parties agree that said Lombard residence shall be the exclusive possession of Terry and Nicholas Madia and Joseph's liability thereto shall be released. The Lombard residence is currently financed by Terry and Nicholas Madia and, therefore, refinancing is unnecessary.  Terry and Nick shall be solely responsible for any claims or expenses that may currently exist associated with the Lombard residence, or that may arise in the future, including, but not limited to, deficiencies, utility bills, repair bills, litigation, mortgage payments, taxes, insurance premiums, etc.  Joseph shall remain on the title to this property and, in the event Terry shall default on the mortgage or of her untimely death, Joseph shall be responsible for all costs associated with this property.

## ARTICLE VI

## PENSION

6.1     Terry waives any and all interest in any current or future pension and/or retirements accounts that Joseph may have.

6.2     Joseph waives any and all interest in any current or future pension and/or retirements accounts that Terry may have.

## ARTICLE VII

## AUTOMOBILES

7.1     Upon the effective date of this Agreement, if not already accomplished, Joseph shall have assigned to Terry all of his right, title and interest in the 2001 Ford Mustang automobile and Terry shall retain said automobile as her sole and exclusive

6

Request received on 2014-10-03-12.13.08.0  Document supplied on 10/03/2014 12:20:21 # 3628857/17043313683
Click here or Visit http://www.i2file.net/dv to validate this document. Validation ID:: IF10032014-1218-35748

property. Terry agrees to indemnify, save and hold Joseph harmless on any and all liens

on the aforesaid automobile, and on any and all costs, expenses or liability resulting from

the use, operation and ownership of the same.

7.2    Upon the effective date of this Agreement, if not already accomplished,

Terry shall have assigned to Joseph all of her right, title and interest in the 1995 Astro Van

and 1990 Chevrolet Corvette automobiles and Joseph shall retain said automobiles as his

sole and exclusive property. Joseph agrees to indemnify, save and hold Terry harmless

on any and all payments on the aforesaid automobiles, and on any and all costs, expenses

or liability resulting from the use, operation and lease of the same.

## ARTICLE VIII

## BANK ACCOUNTS

8.1    Upon the effective date of this Agreement, Terry shall keep as her sole and

exclusive property, free and clear of any interest or claim of Joseph, all bank accounts that

are presently in her name. Joseph shall execute, upon Terry's request, any and all

documents necessary to effectively release any right, title or claim that he may have to

said accounts.

8.2    Upon the effective date of this Agreement, Joseph shall keep as his sole and

exclusive property, free and clear of any interest or claim of Terry, all bank accounts that

are presently in his name. Terry shall execute, upon Joseph's request, any and all

7

Request received on 2014-10-03-12.13.08.0  Document supplied on 10/03/2014 12:20:21 # 3628857/17043313683
Click here or Visit http://www.i2file.net/dv to validate this document. Validation ID:: 1F10032014-1218-35748

documents necessary to effectively release any right, title or claim that she may have to said accounts.

## ARTICLE IX

## MISCELLANEOUS PROPERTY

9.1     If not already accomplished by the date of the entry of this Marital Settlement Agreement, Terry shall be awarded her Mimsy dolls, Disney Classic collection pieces and Giuseppe Armani Disney statues, which are currently stored at the marital residence.

9.2     With exception of No. 9.1 above, all other items of personal property used in connection with the marital residence have been divided according to prior agreement.

9.3     Terry shall keep as her sole and exclusive property, free and clear of any interest held or claimed by Joseph, all of the jewelry, clothing and other personal belongings presently held or possessed by her.

9.4     Joseph shall keep as his sole and exclusive property, free and clear of any interest held or claimed by Terry, all of the jewelry, clothing and other personal belongings presently held or possessed by him.

8

## ARTICLE X

## APPLICATION OF INTERNAL REVENUE CODE
## AS TO TREATMENT OF TRANSFER OF PROPERTY

10.1    Section 1041 of the Internal Revenue Code permits parties to dissolution of marriage actions to transfer properties between them without causing "taxable events", and thereby generating taxation.    These interspousal transfers and transfers between former spouses shall be treated in the same manner as a "gift between spouses", irrespective of existence or non-existence of the marriage at the time of the transfer and will be deemed non-taxable, carry-over basis transactions, whereby the transferee assumes the adjusted basis of the transferred property.

10.2    The parties desire to bring this Agreement under the protection of the applicable law, and they agree that they will henceforth treat all cross-transfers between them in a manner and form directed by the law, to the end that they may legitimately avoid creation of a multiplicity of taxable events.

10.3    Additionally, Terry and Joseph likewise wish to conform their Agreement to Section 503(f) of the Illinois Marriage and Dissolution of Marriage Act which seeks to characterize such exchanges as those involved herein as a division of co-owned marital property, thus not constituting taxable events.

 

9

Request received on 2014-10-03-12.13.08.0  Document supplied on 10/03/2014 12:20:21 # 3628857/17043313683
Click here or Visit http://www.i2file.net/dv to validate this document. Validation ID:: 1F10032014-1218-35748

## ARTICLE XI

## DEBTS AND LIABILITIES

11.1    Terry shall be solely responsible for the remaining balance due and owing
Robert S. Gitmeid & Associates for debt consolidation, in the approximate amount of
$15,204.

11.2    Terry shall further be responsible for any and all other debts incurred in her
name alone and shall hold Joseph harmless and indemnified therefrom.

11.3    Joseph shall be solely responsible for the second mortgage balance due and
owing on the marital residence in the approximate amount of $92,000.

11.4    Joseph shall be further responsible for any and all other debts incurred in
his name alone and shall hold Terry harmless and indemnified therefrom.

## ARTICLE XII

## ATTORNEYS FEES

12.1    Each party shall be solely responsible for any and all costs and attorneys
fees which they individually incurred herein during this cause of action and shall
indemnify, save and hold the other free and harmless from any liability thereon.



10

Request received on 2014-10-03-12.13.08.0  Document supplied on 10/03/2014 12:20:21 # 3628857/17043313683
Click here or Visit http://www.i2file.net/dv to validate this document. Validation ID:: 1F10032014-1218-35748

## ARTICLE XIII

### GENERAL PROVISIONS

13.1    Execution of Documents.  The parties shall execute and acknowledge, upon

the effective date of this Agreement, good and sufficient instruments necessary or proper

to vest the titles and estates in the respective parties hereto, as hereinabove provided, and

thereafter, at any time and from time to time, to execute and acknowledge any and all

documents which may be necessary or proper to carry out the purposes of this

Agreement and establish of record the sole and separate ownership of the several

properties of said parties in the manner herein agreed and provided.  If either party

hereto for any reason fails or refuses to execute any such documents, then this Agreement

shall, and it is hereby expressly declared to, constitute a full and present transfer,

assignment and conveyance of all rights hereinabove designated to be transferred,

exchanged, assigned, and conveyed and a full, present and effective relinquishment and

waiver of all rights hereinabove designated to be relinquished and waived.

13.2    Mutual Release.  To the fullest extent by law permitted to do so, and except

as herein otherwise provided, the parties forever waive, relinquish, release, and forever

quit claim and grant to the other, his or her heirs, personal representatives and assigns, all

rights of alimony, dower, inheritance, descent, distribution, community interest and all

other rights, title, claim, interest and estate as Husband and Wife, widow or widower, or

otherwise, by reason of the marital relations existing between them, under any present or

11

Request received on 2014-10-03-12.13.08.0  Document supplied on 10/03/2014 12:20:21 # 3628857/17043313683
Click here or Visit http://www.i2file.net/dv to validate this document. Validation ID:: IF10032014-1218-35748

future law of which he or she otherwise has or might have or be entitled to claim in, to or

against the property and assets of the other, real, personal or mixed, of his or her estate,

whether now owned or hereafter in any manner acquired by the other party, or whether

in possession or in expectancy, and whether vested or contingent and each party further

covenants and agrees for himself and herself, his or her heirs, personal representatives

and assigns, for the purpose of enforcing any or all of the rights relinquished under this

Agreement; and further agree that in the event any suit shall be commenced, this release,

when pleaded, shall be and constitutes a complete defense to any such claim or suit so

instituted by either party hereto; and agrees to execute, acknowledge and deliver at the

request of the other party, his or her heirs, personal representatives, grantees, devises or

assigns, any or all such deeds, releases or other instruments and further assurances as

may be required or reasonably requested to effect or evidence such releases, waiver,

relinquishment or extinguishment or rush rights; provided, however, that nothing herein

contained shall operate or be construed as a waiver or release by either party to the other

of the obligation on the part of the other to comply with the provisions of this Agreement,

or rights of either party under this Agreement.

     13.3   <u>Waiver of Estate of Claim</u>.  Except as herein otherwise provided, the parties

waive and relinquish all rights to act as administrator or administrator-with-the-will-

annexed of the estate of the other party, and each of the parties does further relinquish all

right to inherit by intestate succession any of the property of which the other party may

<div align="center">12</div>



Request received on 2014-10-03-12.13.08.0  Document supplied on 10/03/2014 12:20:21 # 3628857/17043313683
Click here or Visit http://www.i2file.net/dv to validate this document. Validation ID: 1F10032014-1218-35748

die seized or possessed, and should either of the parties hereto die intestate, this Agreement shall operate as a relinquishment of all rights of the surviving party hereafter to apply for letters of administration in any form, and the estate of such deceased party, if he or she dies intestate, shall descend to the heirs at law of such deceased party, in the same manner as though the parties hereto had never been married, each of the parties hereto respectively, reserving the right to dispose, by testament or otherwise, of his or her respective property in any way that he or she may see fit, without restriction of limitation whatsoever provided, however, that nothing herein contained shall operate or be construed as a waiver or release by either party of the obligation of the other to comply with the terms of this Agreement, or the rights of either party under this Agreement.

13.4    In the event either party at any time hereinafter obtains a dissolution of marriage or divorce in the case presently pending between them, this Agreement and all of its provisions shall be incorporated into any such judgment or decree for dissolution of marriage, either directly or by reference, but in no event shall this Agreement be effective or of any validity unless a Judgment of Dissolution of Marriage is entered in the pending case brought by Petitioner and referred to hereinbefore. This Court, on entry of the judgment or decree for dissolution of the marriage shall retain the right to enforce the provisions and terms of this Agreement, which Agreement shall be binding upon and inure to the benefit of the heirs, executors, administrators, assigns, devises and grantees of the parties hereto.

13



*IN WITNESS WHEREOF*, Petitioner, TERRY L. MADIA, and Respondent,

JOSEPH MADIA, have hereunto set their respective hands and seals this 26th day of

August, 2014.

_____
TERRY L. MADIA, Petitioner

_____
JOSEPH MADIA, Respondent

Joseph & Terry Madia initialed
ALL pages of agreement

Margaret M. O'Connell
A. TRAUB & ASSOCIATES, LTD. (29322)
100 W. 22nd St., Suite 150
Lombard, IL 60148
Phone:  630.426.0196
FAX:     630.426.0198

14

Request received on 2014-10-03-12.13.08.0  Document supplied on 10/03/2014 12:20:21 # 3628857/17043313683
Click here or Visit http://www.i2file.net/dv to validate this document. Validation ID:: 1F10032014-1218-35748

B6B (Official Form 6B) (12/07)

.

In re  **Terry L. Madia**                                                    ,     Case No. _____
                                         Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking account at Lisle Savings Bank | - | 500.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | Household Goods, Furnishings, Appliances and Electronics | - | 2,000.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | Necessary Wearing Apparel | - | 1,000.00 |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

|  | Sub-Total >   (Total of this page) | 3,500.00 |
|---|---|---|

__2__  continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Terry L. Madia**                                                    ,    Case No. _____
                                   Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **401k with Fidelity** | **-** | **58,015.35** |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

|  |  |
|---|---|
| Sub-Total > | **58,015.35** |
| (Total of this page) | |

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Terry L. Madia**                                                                  ,        Case No. _____
                                                                  Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2001 Ford Mustang 2D Convertible GT with 125000 miles in fair condition Value as per CarMax appraisal** | - | 2,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

| | |
|---|---|
| Sub-Total > | 2,000.00 |
| (Total of this page) | |
| Total > | 63,515.35 |

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

B6C (Official Form 6C) (4/13)

.

In re  **Terry L. Madia**
                                                                                    ,        Case No. _____
                                                    Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐  11 U.S.C. §522(b)(2)
■  11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds
$155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter
with respect to cases commenced on or after the date of adjustment.)*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| **238 Gazebo Lane, Lombard, IL  60148.  Value as per Comparative Market Analysis and Zillow.com.** | **735 ILCS 5/12-901** | 15,000.00 | 197,667.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Checking account at Lisle Savings Bank** | **735 ILCS 5/12-1001(b)** | 500.00 | 500.00 |
| **Household Goods and Furnishings** | | | |
| **Household Goods, Furnishings, Appliances and Electronics** | **735 ILCS 5/12-1001(b)** | 2,000.00 | 2,000.00 |
| **Wearing Apparel** | | | |
| **Necessary Wearing Apparel** | **735 ILCS 5/12-1001(a)** | 1,000.00 | 1,000.00 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| **401k with Fidelity** | **735 ILCS 5/12-1006** | 58,015.35 | 58,015.35 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **2001 Ford Mustang 2D Convertible GT with 125000 miles in fair condition Value as per CarMax appraisal** | **735 ILCS 5/12-1001(c)** | 2,000.00 | 2,000.00 |

_0_  continuation sheets attached to Schedule of Property Claimed as Exempt

Total:        **78,515.35**        **261,182.35**

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re    **Terry L. Madia**                                                    ,    Case No. _____

_____
Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **3000054308200** <br><br> **Central Loan Admin & R** <br> **425 Phillips Blvd** <br> **Bankruptcy Dept.** <br> **Ewing, NJ 08618** | X | J | Opened  4/10/13  Last Active  5/01/15 <br><br> **238 Gazebo Lane, Lombard, IL  60148.** <br> **Value as per Comparative Market** <br> **Analysis and Zillow.com.** | | | | | |
| | | | Value $                          **197,667.00** | | | | **123,067.00** | **0.00** |
| Account No. <br><br> **Harris Bank** | | H | **Second Mortgage** <br> **2532 Kelly Drive, Woodridge, IL  60517.** <br> **Debtor remains in title as Joint Tenant** <br> **though property was awarded to former** <br> **spouse as per divorce judgment.** <br> **Former spouse has not yet refinanced.** <br> **Value as per Zillow.** <br> **Judgment of Dissolution is** | | | | | |
| | | | Value $                          **270,039.00** | | | | **90,000.00** | **0.00** |
| Account No. **500100073949** <br><br> **Lisle Savings Bank** <br> **1450 Maple Ave** <br> **Bankruptcy Dept.** <br> **Lisle, IL 60532** | X | J | Opened 12/29/10  Last Active  3/31/15 <br> **First Mortgage** <br> **2532 Kelly Drive, Woodridge, IL  60517.** <br> **Debtor remains in title as Joint Tenant** <br> **though property was awarded to former** <br> **spouse as per divorce judgment.** <br> **Former spouse has not yet refinanced.** <br> **Value as per Zillow.** | | | | | |
| | | | Value $                          **270,039.00** | | | | **104,866.00** | **0.00** |
| Account No. **11130906030915337** <br><br> **Springleaf Financial S** <br> **430 75th St** <br> **Bankruptcy Dept.** <br> **Downers Grove, IL 60516** | - | | Opened 11/11/13  Last Active  4/01/15 <br><br> **Non-Purchase Money Security** <br><br> **2001 Ford Mustang 2D Convertible GT** <br> **with 125000 miles in fair condition** <br> **Value as per CarMax appraisal** | | | | | |
| | | | Value $                             **2,000.00** | | | | **5,544.00** | **3,544.00** |

| | |
|---|---|
| **0**  continuation sheets attached | Subtotal <br> (Total of this page) |

| Subtotal (Total of this page) | **323,477.00** | **3,544.00** |
|---|---|---|
| Total (Report on Summary of Schedules) | **323,477.00** | **3,544.00** |

B6E (Official Form 6E) (4/13)

.

In re    **Terry L. Madia**                                                                                      ,    Case No. _____
Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

_* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment._

_____1_____ continuation sheets attached

B6E (Official Form 6E) (4/13) - Cont.

In re  **Terry L. Madia**                                         ,  Case No. _____
                                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. | | | Income Tax | | | | | | |
| **Illinois Department of Revenue  ***<br>**Bankruptcy Dept**<br>**POB 64338**<br>**Chicago, IL 60664-0338** | - | | | | | | 867.00 | 0.00 | 867.00 |
| Account No. | | | Income Tax | | | | | | |
| **Internal Revenue Service***<br>**Bankruptcy Dept.**<br>**POB 7346**<br>**Philadelphia, PA 19101-7346** | - | | | | | | 4,041.00 | 0.00 | 4,041.00 |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |

Sheet __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

Subtotal (Total of this page) — 4,908.00 | 0.00 | 4,908.00
Total (Report on Summary of Schedules) — 4,908.00 | 0.00 | 4,908.00

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

B6F (Official Form 6F) (12/07)

In re  **Terry L. Madia**
_____ ,   Case No. _____
Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | |
| Account No. <br><br> **A. Traub & Associates** <br> **Bankruptcy Dept.** <br> **100 West 22nd Street Ste 150** <br> **Lombard, IL 60148** | | - | | | **2014** <br> **Legal Fees** | | | | **467.30** |
| Account No. <br><br> **Advocate Medical Group** <br> **Bankruptcy Dept.** <br> **701 Lee Street** <br> **Des Plaines, IL 60016** | | - | | | **Medical Expenses** | | | | **26.94** |
| Account No. <br><br> **Malcolm S. Gerard & Assoc.** <br> **Bankruptcy Dept.** <br> **332 South Michigan Avenue  #600** <br> **Chicago, IL 60604** | | | | | **Representing:** <br> **Advocate Medical Group** | | | | **Notice Only** |
| Account No. **3007** <br><br> **Bank Of America** <br> **Po Box 982236** <br> **Bankruptcy Dept.** <br> **El Paso, TX 79998-2236** | | - | | | **Miscellaneous Consumer Purchases** | | | | **Unknown** |

__8__  continuation sheets attached

Subtotal
(Total of this page)

**494.24**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Terry L. Madia**                                                      ,       Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No. <br><br> **Sunrise Credit Services, Inc** <br> **Bankruptcy Dept.** <br> **260 Airport Plaza, POB 9100** <br> **Farmingdale, NY 11735-9100** | | | | | Representing: <br> **Bank Of America** | | | | **Notice Only** |
| Account No. **8375** <br><br> **Bankfirst** <br> **1509 W 41st St** <br> **Bankruptcy Dept.** <br> **Sioux Falls, SD 57105** | | - | | | Opened 10/19/01 Last Active 1/31/04 <br> **Credit Card** | | | | **Unknown** |
| Account No. **1972** <br><br> **Bankfirst** <br> **1509 W 41st St** <br> **Bankruptcy Dept.** <br> **Sioux Falls, SD 57105** | | - | | | Opened 8/10/00 Last Active 1/31/04 <br> **Credit Card** | | | | **Unknown** |
| Account No. **6870** <br><br> **Bk Of Amer** <br> **Po Box 982235** <br> **Bankruptcy Dept.** <br> **El Paso, TX 79998** | | - | | | Opened 10/03/11 Last Active 6/01/14 <br> **Credit Card** | | | | **4,209.00** |
| Account No. <br><br> **Sunrise Credit Services, Inc.** <br> **Bankruptcy Dept.** <br> **POB 9100** <br> **Farmingdale, NY 11735-9100** | | | | | Representing: <br> **Bk Of Amer** | | | | **Notice Only** |

Sheet no. __1__ of __8__ sheets attached to Schedule of          Subtotal                         | **4,209.00**
Creditors Holding Unsecured Nonpriority Claims                   (Total of this page)

B6F (Official Form 6F) (12/07) - Cont.

In re   **Terry L. Madia**                                                    ,          Case No. _____
                                        Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. **6769**<br><br>**Cap One**<br>**Po Box 85015**<br>**Bankruptcy Dept.**<br>**Richmond, VA 23285** | - | | | **Opened  3/01/02  Last Active 12/01/03**<br>**Miscellaneous Consumer Purchases** | | | | **Unknown** |
| Account No. **8590**<br><br>**Cap One**<br>**Po Box 85015**<br>**Bankruptcy Dept.**<br>**Richmond, VA 23285** | - | | | **Opened 10/01/00  Last Active 12/01/03**<br>**Miscellaneous Consumer Purchases** | | | | **Unknown** |
| Account No. **7756**<br><br>**Capital One Bank Usa N**<br>**15000 Capital One Dr**<br>**Bankruptcy Dept.**<br>**Richmond, VA 23238** | - | | | **Opened  3/18/11  Last Active  5/01/14**<br>**Credit Card** | | | | **943.00** |
| Account No. **8461**<br><br>**Capital One Bank Usa N**<br>**15000 Capital One Dr**<br>**Bankruptcy Dept.**<br>**Richmond, VA 23238** | - | | | **Opened  7/13/13  Last Active  6/01/14**<br>**Credit Card** | | | | **901.00** |
| Account No. **1792**<br><br>**Capital One Bank Usa N**<br>**15000 Capital One Dr**<br>**Bankruptcy Dept.**<br>**Richmond, VA 23238** | - | | | **Opened  9/10/11  Last Active  3/01/15**<br>**Credit Card** | | | | **626.00** |

Sheet no. __**2**___ of __**8**___ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**2,470.00**

B6F (Official Form 6F) (12/07) - Cont.

In re **Terry L. Madia**             ,     Case No. _____
                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **4047**<br><br>**Citi**<br>**Po Box 6241**<br>**Bankruptcy Dept.**<br>**Sioux Falls, SD 57117** | - | | Opened 6/27/12 Last Active 11/10/14<br>Credit Card | | | | **Unknown** |
| Account No. **9720**<br><br>**Comenity Bank/Buckle**<br>**Po Box 182789**<br>**Bankruptcy Dept.**<br>**Columbus, OH 43218** | - | | Opened 6/09/13 Last Active 1/02/14<br>Charge Account | | | | **Unknown** |
| Account No. **8892**<br><br>**Comenity Bank/Express**<br>**Po Box 182789**<br>**Bankruptcy Dept.**<br>**Columbus, OH 43218** | - | | Opened 12/16/11 Last Active 6/01/14<br>Charge Account | | | | **1,863.00** |
| Account No. **0336**<br><br>**Comenity Bank/Roomplce**<br>**Po Box 182789**<br>**Bankruptcy Dept.**<br>**Columbus, OH 43218** | - | | Opened 4/23/13 Last Active 9/28/14<br>Charge Account | | | | **1,594.51** |
| Account No.<br><br>**Comenity ***<br>**Bankruptcy Dept.**<br>**POB 182125**<br>**Columbus, OH 43218-2125** | | | Representing:<br>**Comenity Bank/Roomplce** | | | | **Notice Only** |

Sheet no. __3__ of __8__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**3,457.51**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Terry L. Madia**                                                          ,      Case No. _____
                                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **9460** <br><br> **Comenity Bank/Vctrssec** <br> **Po Box 182789** <br> **Bankruptcy Dept.** <br> **Columbus, OH 43218** | - | | Opened 11/30/11  Last Active  6/01/14 <br> Charge Account | | | | 1,226.00 |
| Account No. **0912** <br><br> **Dept Of Ed/Navient** <br> **Po Box 9635** <br> **Bankruptcy Dept.** <br> **Wilkes Barre, PA 18773** | - | | Opened  9/12/12  Last Active  4/01/15 <br> Employment | | | | 15,112.00 |
| Account No. **0417** <br><br> **Dept Of Ed/Navient** <br> **Po Box 9635** <br> **Bankruptcy Dept.** <br> **Wilkes Barre, PA 18773** | - | | Opened  4/17/13  Last Active  4/01/15 <br> Employment | | | | 8,008.00 |
| Account No. **8547** <br><br> **Fnb Omaha** <br> **Po Box 3412** <br> **Bankruptcy Dept.** <br> **Omaha, NE 68103** | - | | Opened  5/01/13  Last Active  6/01/14 <br> Credit Card | | | | 3,861.00 |
| Account No. **179031138** <br><br> **J.C. Christensen $ Associates, Inc.** <br> **Bankruptcy Dept.** <br> **POB 519** <br> **Sauk Rapids, MN 56379** | - | | Franklin Mint collections | | | | 151.78 |

Sheet no. __4__ of __8__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

28,358.78

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    **Terry L. Madia**                                                    ,          Case No. _____
                                        Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. **7555** <br><br> **Kohls/Capone** <br> **N56 W 17000 Ridgewood Dr** <br> **Bankruptcy Dept.** <br> **Menomonee Falls, WI 53051** | - | | | | Opened 12/05/11  Last Active  2/01/15 <br> Charge Account | | | | 428.00 |
| Account No. **7620** <br><br> **Mcydsnb** <br> **9111 Duke Blvd** <br> **Bankruptcy Dept.** <br> **Mason, OH 45040** | - | | | | Opened  9/25/11  Last Active  2/01/15 <br> Charge Account | | | | 457.00 |
| Account No. <br><br> **Macy's *** <br> **Bankruptcy Dept.** <br> **POB 8061** <br> **Mason, OH 45040** | | | | | Representing: <br> **Mcydsnb** | | | | Notice Only |
| Account No. **1342** <br><br> **National Recovery Agen** <br> **2491 Paxton St** <br> **Bankruptcy Dept.** <br> **Harrisburg, PA 17111** | - | | | | Opened  8/27/11  Last Active 11/01/08 <br> Collection Attorney Collectibles Today N | | | | 121.00 |
| Account No. **1341** <br><br> **National Recovery Agen** <br> **2491 Paxton St** <br> **Bankruptcy Dept.** <br> **Harrisburg, PA 17111** | - | | | | Opened  8/27/11  Last Active 12/01/08 <br> Collection Attorney Bradford Editions | | | | 53.00 |

Sheet no. __5__ of __8__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

1,059.00

B6F (Official Form 6F) (12/07) - Cont.

In re    **Terry L. Madia**                                                    ,      Case No. _____
                                            **Debtor**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Robert S. Gitmeid**<br>**Bankruptcy Dept.**<br>**2081 East 8th Street**<br>**Brooklyn, NY 11223** | - | | | **Debt Settlement Services** | | | | **Unknown** |
| Account No.<br><br>**Robert S. Gitmeid**<br>**Bankruptcy Dept.**<br>**11 Broadway Suite 1677**<br>**New York, NY 10004** | | | | **Representing:**<br>**Robert S. Gitmeid** | | | | **Notice Only** |
| Account No. **7405**<br><br>**Syncb/Walmart Dc**<br>**Po Box 965024**<br>**Bankruptcy Dept.**<br>**Orlando, FL 32896** | - | | | **Opened 7/24/13  Last Active  4/01/14**<br>**Credit Card** | | | | **4,077.00** |
| Account No. **2015 SC 001695  DuPage**<br><br>**Meyer & Njus P.A.**<br>**Bankruptcy Dept.**<br>**33 North Dearborn #1301**<br>**Chicago, IL 60602** | | | | **Representing:**<br>**Syncb/Walmart Dc** | | | | **Notice Only** |
| Account No. **89372194**<br><br>**Target N.B.**<br>**Po Box 673**<br>**Bankruptcy Dept.**<br>**Minneapolis, MN 55440-0673** | - | | | **2014**<br>**Debit Card NSF** | | | | **25.00** |

Sheet no. __6__ of __8__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**4,102.00**

B6F (Official Form 6F) (12/07) - Cont.

In re  **Terry L. Madia** _____,    Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. | | | | Representing: Target N.B. | | | | |
| **Northland Group Bankruptcy Dept. POB 129 Thorofare, NJ 08086-0129** | | | | | | | | **Notice Only** |
| Account No. | | | | Representing: Target N.B. | | | | |
| **Target Corp. Recovery Services Bankruptcy Dept. POB 30171 Tampa, FL 33633-1603** | | | | | | | | **Notice Only** |
| Account No.  2528 | | | - | Opened 11/23/02  Last Active  2/01/15 Credit Card | | | | |
| **Td Bank Usa/Targetcred Po Box 673 Bankruptcy Dept. Minneapolis, MN 55440** | | | | | | | | **519.00** |
| Account No. | | | | Representing: Td Bank Usa/Targetcred | | | | |
| **Alliance One Receivables Management Bankruptcy Dept. 4850 Street Rd.  #300 Trevose, PA 19053** | | | | | | | | **Notice Only** |
| Account No.  3334 | | | - | Opened 12/24/14 Collection 04 Illinois State To | | | | |
| **Tsi/980 600 Holiday Dr Suite 300 Bankruptcy Dept. Matteson, IL 60443** | | | | | | | | **284.00** |

| | | |
|---|---|---|
| Sheet no.  __7__ of  __8__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal (Total of this page) | **803.00** |

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    **Terry L. Madia**                                                                    ,        Case No. _____
                                                         Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. **1909** | | | | | **Opened  6/02/14** **Collection 04 Illinois State To** | | | | |
| **Tsi/980** **600 Holiday Dr Suite 300** **Bankruptcy Dept.** **Matteson, IL 60443** | - | | | | | | | | 214.00 |
| Account No. **0588** | | | | | **Opened  2/01/12  Last Active  1/01/15** **Charge Account** | | | | |
| **Von Maur** **6565 Brady St** **Bankruptcy Dept.** **Davenport, IA 52806-2054** | - | | | | | | | | 290.00 |
| Account No. **4123** | | | | | **Opened 12/04/08  Last Active  5/01/14** **Charge Account** | | | | |
| **Webbank/Dfs** **1 Dell Way** **Bankruptcy Dept.** **Round Rock, TX 78682** | - | | | | | | | | 4,530.00 |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |

| | | |
|---|---|---|
| Sheet no. __**8**___ of __**8**___ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal (Total of this page) | 5,034.00 |
| | Total (Report on Summary of Schedules) | 49,987.53 |

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com

B6G (Official Form 6G) (12/07)

In re    **Terry L. Madia**                                                            ,    Case No. _____
                                        Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature
of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and
complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts,
state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not
disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| | |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                                                                    Best Case Bankruptcy

5/21/15  8:09AM

B6H (Official Form 6H) (12/07)

.

In re    **Terry L. Madia**                                                    ,      Case No. _____
                                               Debtor

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Joseph R. Madia**<br>**2532 Kelly Drive**<br>**Woodridge, IL 60517** | **Lisle Savings Bank**<br>**1450 Maple Ave**<br>**Bankruptcy Dept.**<br>**Lisle, IL 60532** |
| **Nicholas Madia**<br>**238 Gazebo Lane**<br>**Lombard, IL 60148** | **Central Loan Admin & R**<br>**425 Phillips Blvd**<br>**Bankruptcy Dept.**<br>**Ewing, NJ 08618** |

**0**
_____ continuation sheets attached to Schedule of Codebtors

| Fill in this information to identify your case: | |
| --- | --- |
| Debtor 1 | **Terry L. Madia** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (If known) | |

Check if this is:
☐ An amended filing
☐ A supplement showing post-petition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form B 6I

## Schedule I: Your Income          12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Describe Employment |
| --- | --- |

1. **Fill in your employment information.**

    If you have more than one job, attach a separate page with information about additional employers.

    Include part-time, seasonal, or self-employed work.

    Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
| --- | --- | --- | --- |
| | Employment status | ■ Employed ☐ Not employed | ☐ Employed ☐ Not employed |
| | Occupation | | |
| | Employer's name | **Ace Hardware** | |
| | Employer's address | **2200 Kensington Court Oak Brook, IL 60523** | |
| | How long employed there? | | |

| Part 2: | Give Details About Monthly Income |
| --- | --- |

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
| --- | --- | --- | --- | --- |
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ **4,748.54** | $ **N/A** |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$ **0.00** | +$ **N/A** |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. | $ **4,748.54** | $ **N/A** |

Debtor 1   **Terry L. Madia**                                               Case number (*if known*)

|  | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| **Copy line 4 here** | 4. | $ **4,748.54** | $ **N/A** |

5. **List all payroll deductions:**

| | | | | |
|---|---|---|---|---|
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. | $ **451.75** | $ **N/A** |
| 5b. | **Mandatory contributions for retirement plans** | 5b. | $ **0.00** | $ **N/A** |
| 5c. | **Voluntary contributions for retirement plans** | 5c. | $ **0.00** | $ **N/A** |
| 5d. | **Required repayments of retirement fund loans** | 5d. | $ **840.26** | $ **N/A** |
| 5e. | **Insurance** | 5e. | $ **738.04** | $ **N/A** |
| 5f. | **Domestic support obligations** | 5f. | $ **0.00** | $ **N/A** |
| 5g. | **Union dues** | 5g. | $ **0.00** | $ **N/A** |
| 5h. | **Other deductions.** Specify: | 5h.+ | $ **0.00** + | $ **N/A** |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.   6.    $ **2,030.05**    $ **N/A**

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.   7.    $ **2,718.49**    $ **N/A**

8. **List all other income regularly received:**

| | | | | |
|---|---|---|---|---|
| 8a. | **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ **0.00** | $ **N/A** |
| 8b. | **Interest and dividends** | 8b. | $ **0.00** | $ **N/A** |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ **0.00** | $ **N/A** |
| 8d. | **Unemployment compensation** | 8d. | $ **0.00** | $ **N/A** |
| 8e. | **Social Security** | 8e. | $ **0.00** | $ **N/A** |
| 8f. | **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | $ **0.00** | $ **N/A** |
| 8g. | **Pension or retirement income** | 8g. | $ **0.00** | $ **N/A** |
| 8h. | **Other monthly income.** Specify: Son's net income less Son's personal expenses | 8h.+ | $ **1,429.60** + | $ **N/A** |

9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.   9.    $ **1,429.60**    $ **N/A**

10. **Calculate monthly income.** Add line 7 + line 9.   10.    $ **4,148.09** + $ **N/A** = $ **4,148.09**
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in Schedule J.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify:                           11. +$ **0.00**

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies         12. $ **4,148.09**

                                                  **Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
■ No.
☐ Yes. Explain:

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Terry L. Madia** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

## Official Form B 6J
## Schedule J: Your Expenses

12/13

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

### Part 1:    Describe Your Household

1.  **Is this a joint case?**

    ■ No. Go to line 2.

    ☐ Yes. **Does Debtor 2 live in a separate household?**

        ☐ No

        ☐ Yes. Debtor 2 must file a separate Schedule J.

2.  **Do you have dependents?**    ☐ No

    Do not list Debtor 1 and Debtor 2.

    Do not state the dependents' names.

    ■ Yes. Fill out this information for each dependent..............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| **Daughter** | 21 | ☐ No  ■ Yes |
| **Son** | 27 | ☐ No  ■ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |

3.  **Do your expenses include expenses of people other than yourself and your dependents?**

    ■ No
    ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

**Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.**

**Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 6I.)**

| | Your expenses |
|---|---|

4.  **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.    4. $ _____ **1,074.26**

    **If not included in line 4:**

    | | | |
    |---|---|---|
    | 4a. | Real estate taxes | 4a. $ ___ **0.00** |
    | 4b. | Property, homeowner's, or renter's insurance | 4b. $ ___ **0.00** |
    | 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ ___ **250.00** |
    | 4d. | Homeowner's association or condominium dues | 4d. $ ___ **249.80** |
    | 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. $ ___ **0.00** |

Debtor 1   **Terry L. Madia**                                            Case number (if known)

6.  **Utilities:**

|  |  |  |  |
|---|---|---|---|
| 6a. | Electricity, heat, natural gas | 6a. $ | 146.00 |
| 6b. | Water, sewer, garbage collection | 6b. $ | 0.00 |
| 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 292.47 |
| 6d. | Other. Specify: | 6d. $ | 0.00 |

7.  **Food and housekeeping supplies**                                        7. $   725.00

8.  **Childcare and children's education costs**                             8. $   0.00

9.  **Clothing, laundry, and dry cleaning**                                  9. $   209.00

10. **Personal care products and services**                                 10. $   64.00

11. **Medical and dental expenses**                                         11. $   180.00

12. **Transportation.** Include gas, maintenance, bus or train fare.
    Do not include car payments.                                           12. $   262.00

13. **Entertainment, clubs, recreation, newspapers, magazines, and books**  13. $   200.00

14. **Charitable contributions and religious donations**                    14. $   0.00

15. **Insurance.**
    Do not include insurance deducted from your pay or included in lines 4 or 20.

|  |  |  |  |
|---|---|---|---|
| 15a. | Life insurance | 15a. $ | 0.00 |
| 15b. | Health insurance | 15b. $ | 0.00 |
| 15c. | Vehicle insurance | 15c. $ | 60.00 |
| 15d. | Other insurance. Specify: | 15d. $ | 0.00 |

16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
    Specify:                                                               16. $   0.00

17. **Installment or lease payments:**

|  |  |  |  |
|---|---|---|---|
| 17a. | Car payments for Vehicle 1 | 17a. $ | 264.00 |
| 17b. | Car payments for Vehicle 2 | 17b. $ |  |
| 17c. | Other. Specify: **Student Loan Payments** | 17c. $ | 266.57 |
| 17d. | Other. Specify: | 17d. $ | 0.00 |

18. **Your payments of alimony, maintenance, and support that you did not report as
    deducted from your pay on line 5,** *Schedule I, Your Income* **(Official Form 6I).**   18. $   0.00

19. **Other payments you make to support others who do not live with you.**        $   0.00
    Specify:                                                               19.

20. **Other real property expenses not included in lines 4 or 5 of this form or on** *Schedule I: Your Income.*

|  |  |  |  |
|---|---|---|---|
| 20a. | Mortgages on other property | 20a. $ | 0.00 |
| 20b. | Real estate taxes | 20b. $ | 0.00 |
| 20c. | Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| 20e. | Homeowner's association or condominium dues | 20e. $ | 0.00 |

21. **Other:** Specify:   **Miscellaneous**                                  21. +$   251.00

22. **Your monthly expenses.** Add lines 4 through 21.                       22. $   4,494.10
    The result is your monthly expenses.

23. **Calculate your monthly net income.**

23a. Copy line 12 *(your combined monthly income)* from Schedule I.        23a. $   4,148.09

23b. Copy your monthly expenses from line 22 above.                        23b. -$   4,494.10

23c. Subtract your monthly expenses from your monthly income.              23c. $   -346.01
     The result is your *monthly net income.*

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
    For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a
    modification to the terms of your mortgage?

■ No.

☐ Yes.
Explain:

5/21/15  8:09AM

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Northern District of Illinois

In re  **Terry L. Madia**                                          Case No. _____

Debtor(s)                    Chapter     **7** _____

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

      I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __**43**__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  **May 21, 2015** _____          Signature     **/s/ Terry L. Madia** _____

**Terry L. Madia**

Debtor

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

5/26/15  3:47PM

B6 Declaration (Official Form 6 - Declaration). (12/07)

## United States Bankruptcy Court
### Northern District of Illinois

In re    **Terry L. Madia** _____     Case No. _____
                                        Debtor(s)                  Chapter     **7**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of    **43**
sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  **May 20, 2015** _____     Signature    **/s/ Terry L. Madia**    *Terry L. Madia*
                                                                 **Terry L. Madia**
                                                                 Debtor

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Terry L. Madia**                                                    Case No.

                                                      Debtor(s)                Chapter    **7**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$42,174.00** | **Ace Hardware, 2013** |
| **$48.00** | **Express Fashion, 2013** |
| **$1,582.00** | **Victoria's Secret, 2013** |
| **$42,952.00** | **Ace Hardware, 2014** |

---

**2. Income other than from employment or operation of business**

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

                AMOUNT                SOURCE

B7 (Official Form 7) (04/13)

2

### 3. Payments to creditors

None
■
*Complete a. or b., as appropriate, and c.*

   a.   *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
■
   b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■
   c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None
☐
a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Synchrony Bank vs. Terry Madia, 2014 SC 001695** | **Breach of Contract - Small Claims** | **18th Judicial Circuit, DuPage County, Illinois** | **Pending** |

None
■
b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)
3

**5.  Repossessions, foreclosures and returns**

None
■

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**6.  Assignments and receiverships**

None
■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None
■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

**7.  Gifts**

None
■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

**8.  Losses**

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

**9.  Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| **Thomas F. Fezzey, Attorney at Law**<br>**600 West Roosevelt Road**<br>**Suite B-1**<br>**Wheaton, IL 60187** | **May 18, 2015** | **$1,450.00 for legal services**<br>**$335.00 for filing fee**<br>**$38.00 for credit report** |

B7 (Official Form 7) (04/13)
4

### 10. Other transfers

None ■

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

None ■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

### 11. Closed financial accounts

None ■

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

### 12. Safe deposit boxes

None ■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

### 13. Setoffs

None ■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

### 14. Property held for another person

None ■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

B7 (Official Form 7) (04/13)
5

**15.  Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                                    NAME USED                                    DATES OF OCCUPANCY

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

SITE NAME AND ADDRESS          NAME AND ADDRESS OF          DATE OF          ENVIRONMENTAL
                               GOVERNMENTAL UNIT            NOTICE           LAW

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

SITE NAME AND ADDRESS          NAME AND ADDRESS OF          DATE OF          ENVIRONMENTAL
                               GOVERNMENTAL UNIT            NOTICE           LAW

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

NAME AND ADDRESS OF
GOVERNMENTAL UNIT                    DOCKET NUMBER                    STATUS OR DISPOSITION

B7 (Official Form 7) (04/13)
6

**18 . Nature, location and name of business**

None
■

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None
■

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

None
■

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None
■

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|

None
■

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

B7 (Official Form 7) (04/13)

7

**20. Inventories**

None ■ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None ■ b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

**21 . Current Partners, Officers, Directors and Shareholders**

None ■ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ■ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

**22 . Former partners, officers, directors and shareholders**

None ■ a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ■ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

**23 . Withdrawals from a partnership or distributions by a corporation**

None ■ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None ■ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

B7 (Official Form 7) (04/13)

8

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                    TAXPAYER IDENTIFICATION NUMBER (EIN)

\* \* \* \* \* \*

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **May 21, 2015**                              Signature    **/s/ Terry L. Madia**
                                                                **Terry L. Madia**
                                                                Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

5/20/15  3:47PM

B7 (Official Form 7) (04/13)
8

### 25. Pension Funds.

None
■   If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an
employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                        TAXPAYER IDENTIFICATION NUMBER (EIN)

* * * * * *

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto
and that they are true and correct.

Date **May 20, 2015**                          Signature  **/s/ Terry L. Madia**
                                                           **Terry L. Madia**
                                                           Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## Northern District of Illinois

In re  **Terry L. Madia** _____    Case No. _____

_____    Debtor(s)    Chapter    **7** _____

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>**Central Loan Admin & R** | **Describe Property Securing Debt:**<br>**238 Gazebo Lane, Lombard, IL  60148.  Value as per Comparative Market Analysis and Zillow.com.** |

Property will be (check one):
- ☐ Surrendered              ■ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ■ Reaffirm the debt
- ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ■ Claimed as Exempt              ☐ Not claimed as exempt

| Property No. 2 | |
|---|---|
| **Creditor's Name:**<br>**Harris Bank** | **Describe Property Securing Debt:**<br>**2532 Kelly Drive, Woodridge, IL  60517.  Debtor remains in title as Joint Tenant though property was awarded to former spouse as per divorce judgment.  Former spouse has not yet refinanced.**<br>**Value as per Zillow.**<br>**Judgment of Dissolution is** |

Property will be (check one):
- ■ Surrendered              ☐ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ☐ Claimed as Exempt              ■ Not claimed as exempt

B8 (Form 8) (12/08)                                                                                          Page 2

| Property No. 3 | |
|---|---|
| **Creditor's Name:**<br>**Lisle Savings Bank** | **Describe Property Securing Debt:**<br>**2532 Kelly Drive, Woodridge, IL  60517.  Debtor remains in title as Joint Tenant though property was awarded to former spouse as per divorce judgment.  Former spouse has not yet refinanced.**<br>**Value as per Zillow.**<br>**Judgment of Dissolution is** |

Property will be (check one):

■ Surrendered                    □ Retained

If retaining the property, I intend to (check at least one):
□ Redeem the property
□ Reaffirm the debt
□ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
□ Claimed as Exempt                    ■ Not claimed as exempt

| Property No. 4 | |
|---|---|
| **Creditor's Name:**<br>**Springleaf Financial S** | **Describe Property Securing Debt:**<br>**2001 Ford Mustang 2D Convertible GT with 125000 miles in fair condition**<br>**Value as per CarMax appraisal** |

Property will be (check one):

□ Surrendered                    ■ Retained

If retaining the property, I intend to (check at least one):
□ Redeem the property
■ Reaffirm the debt
□ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
■ Claimed as Exempt                    □ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>**-NONE-** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>□ YES          □ NO |

B8 (Form 8) (12/08)                                                                                                        Page 3

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date  **May 21, 2015**                                    Signature  **/s/ Terry L. Madia**

                                                                     **Terry L. Madia**
                                                                     Debtor

5/20/15  3:47PM

B8 (Form 8) (12/08)

Page 2

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>-NONE- | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES          ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date  **May 20, 2015**

Signature  **/s/ Terry L. Madia**
**Terry L. Madia**
Debtor

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Terry L. Madia**

Debtor(s)

Case No.

Chapter    **7**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 1,450.00 |
| Prior to the filing of this statement I have received | $ | 1,450.00 |
| Balance Due | $ | 0.00 |

2.  The source of the compensation paid to me was:

■ Debtor        ☐ Other (specify):

3.  The source of compensation to be paid to me is:

■ Debtor        ☐ Other (specify):

4.  ■  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐  I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
    **Representation of the debtors in adversary proceeding.**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:    **May 21, 2015**

**/s/ Thomas F. Fezzey**
**Thomas F. Fezzey 6229235**
**Thomas F. Fezzey, Attorney at Law**
**600 West Roosevelt Road**
**Suite B-1**
**Wheaton, IL 60187**
**630 909 0909  Fax: 815 550 8731**
**fezzey@gmail.com**

---

B 201A (Form 201A) (6/14)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $75 administrative fee, $15 trustee surcharge: Total Fee $335)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $75 administrative fee: Total Fee $310)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over

a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1,167 filing fee, $550 administrative fee: Total Fee $1,717)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $75 administrative fee: Total Fee $275)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
### Northern District of Illinois

In re   **Terry L. Madia**                                      Case No.
_____                  _____
                              Debtor(s)          Chapter      **7**
                                                          _____

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| **Terry L. Madia** | X **/s/ Terry L. Madia** | **May 21, 2015** |
|---|---|---|
| Printed Name(s) of Debtor(s) | Signature of Debtor | Date |
| | | |
| Case No. (if known) _____ | X _____ | |
| | Signature of Joint Debtor (if any) | Date |

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

5/20/15  3:47PM

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Terry L. Madia**
_____
                              Debtor(s)

Case No. _____
Chapter   **7**

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**Terry L. Madia**
_____
Printed Name(s) of Debtor(s)

Case No. (if known) _____

X  _/s/ Terry L. Madia_  _Jerry L. Madia_   **May 20, 2015**
Signature of Debtor          Date

X  _____
Signature of Joint Debtor (if any)    Date

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Terry L. Madia** _____   Case No. _____

_____  Debtor(s)   Chapter   **7** _____

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____   **50**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:   **May 21, 2015** _____

/s/ **Terry L. Madia** _____

**Terry L. Madia**
Signature of Debtor

5/20/15 3:47PM

# United States Bankruptcy Court
## Northern District of Illinois

In re   Terry L. Madia

_____
Debtor(s)

Case No. _____
Chapter   7   _____

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors:   _____   50

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:   May 20, 2015   _____

/s/ Terry L. Madia   _____
Terry L. Madia
Signature of Debtor

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

.

A. Traub & Associates
Bankruptcy Dept.
100 West 22nd Street Ste 150
Lombard, IL 60148


Advocate Medical Group
Bankruptcy Dept.
701 Lee Street
Des Plaines, IL 60016


Alliance One Receivables Management
Bankruptcy Dept.
4850 Street Rd.  #300
Trevose, PA 19053


Bank Of America
Po Box 982236
Bankruptcy Dept.
El Paso, TX 79998-2236


Bankfirst
1509 W 41st St
Bankruptcy Dept.
Sioux Falls, SD 57105


Bankfirst
1509 W 41st St
Bankruptcy Dept.
Sioux Falls, SD 57105


Bk Of Amer
Po Box 982235
Bankruptcy Dept.
El Paso, TX 79998


Cap One
Po Box 85015
Bankruptcy Dept.
Richmond, VA 23285


Cap One
Po Box 85015
Bankruptcy Dept.
Richmond, VA 23285

```
Capital One Bank Usa N
15000 Capital One Dr
Bankruptcy Dept.
Richmond, VA 23238


Capital One Bank Usa N
15000 Capital One Dr
Bankruptcy Dept.
Richmond, VA 23238


Capital One Bank Usa N
15000 Capital One Dr
Bankruptcy Dept.
Richmond, VA 23238


Central Loan Admin & R
425 Phillips Blvd
Bankruptcy Dept.
Ewing, NJ 08618


Citi
Po Box 6241
Bankruptcy Dept.
Sioux Falls, SD 57117


Comenity  *
Bankruptcy Dept.
POB 182125
Columbus, OH 43218-2125


Comenity Bank/Buckle
Po Box 182789
Bankruptcy Dept.
Columbus, OH 43218


Comenity Bank/Express
Po Box 182789
Bankruptcy Dept.
Columbus, OH 43218


Comenity Bank/Roomplce
Po Box 182789
Bankruptcy Dept.
Columbus, OH 43218
```

```
Comenity Bank/Vctrssec
Po Box 182789
Bankruptcy Dept.
Columbus, OH 43218


Dept Of Ed/Navient
Po Box 9635
Bankruptcy Dept.
Wilkes Barre, PA 18773


Dept Of Ed/Navient
Po Box 9635
Bankruptcy Dept.
Wilkes Barre, PA 18773


Fnb Omaha
Po Box 3412
Bankruptcy Dept.
Omaha, NE 68103


Harris Bank


Illinois Department of Revenue  *
Bankruptcy Dept
POB 64338
Chicago, IL 60664-0338


Internal Revenue Service*
Bankruptcy Dept.
POB 7346
Philadelphia, PA 19101-7346


J.C. Christensen $ Associates, Inc.
Bankruptcy Dept.
POB 519
Sauk Rapids, MN 56379


Joseph R. Madia
2532 Kelly Drive
Woodridge, IL 60517


Kohls/Capone
N56 W 17000 Ridgewood Dr
Bankruptcy Dept.
Menomonee Falls, WI 53051
```

Lisle Savings Bank
1450 Maple Ave
Bankruptcy Dept.
Lisle, IL 60532


Macy's *
Bankruptcy Dept.
POB 8061
Mason, OH 45040


Malcolm S. Gerard & Assoc.
Bankruptcy Dept.
332 South Michigan Avenue  #600
Chicago, IL 60604


Mcydsnb
9111 Duke Blvd
Bankruptcy Dept.
Mason, OH 45040


Meyer & Njus P.A.
Bankruptcy Dept.
33 North Dearborn #1301
Chicago, IL 60602


National Recovery Agen
2491 Paxton St
Bankruptcy Dept.
Harrisburg, PA 17111


National Recovery Agen
2491 Paxton St
Bankruptcy Dept.
Harrisburg, PA 17111


Nicholas Madia
238 Gazebo Lane
Lombard, IL 60148


Northland Group
Bankruptcy Dept.
POB 129
Thorofare, NJ 08086-0129

Robert S. Gitmeid
Bankruptcy Dept.
2081 East 8th Street
Brooklyn, NY 11223


Robert S. Gitmeid
Bankruptcy Dept.
11 Broadway Suite 1677
New York, NY 10004


Springleaf Financial S
430 75th St
Bankruptcy Dept.
Downers Grove, IL 60516


Sunrise Credit Services, Inc
Bankruptcy Dept.
260 Airport Plaza, POB 9100
Farmingdale, NY 11735-9100


Sunrise Credit Services, Inc.
Bankruptcy Dept.
POB 9100
Farmingdale, NY 11735-9100


Syncb/Walmart Dc
Po Box 965024
Bankruptcy Dept.
Orlando, FL 32896


Target Corp. Recovery Services
Bankruptcy Dept.
POB 30171
Tampa, FL 33633-1603


Target N.B.
Po Box 673
Bankruptcy Dept.
Minneapolis, MN 55440-0673


Td Bank Usa/Targetcred
Po Box 673
Bankruptcy Dept.
Minneapolis, MN 55440

```
Tsi/980
600 Holiday Dr Suite 300
Bankruptcy Dept.
Matteson, IL 60443


Tsi/980
600 Holiday Dr Suite 300
Bankruptcy Dept.
Matteson, IL 60443


Von Maur
6565 Brady St
Bankruptcy Dept.
Davenport, IA 52806-2054


Webbank/Dfs
1 Dell Way
Bankruptcy Dept.
Round Rock, TX 78682
```